IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAGDALENO BIBIAN MAGANA, on behalf of himself and other persons similarly situated, | CIVIL ACTION NO. |
| *Plaintiff*, | JUDGE |
| v. | |
| SHORE CONSTRUCTION, LLC and KRISTI CATON, | MAG. JUDGE |
| *Defendants*. | |

**COLLECTIVE ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff Magdaleno Bibian Magana, through his attorneys, Roberto Luis Costales, William Henry Beaumont, and Emily A. Westermeier, files this Collective Action Complaint against Defendants Shore Construction, LLC and Kristi Caton.

**NATURE OF THE ACTION**

1. This is an action by Magdaleno Bibian Magana ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a rigger by Defendants Shore Construction, LLC and Kristi Caton ("Defendants"). While working for Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Magdaleno Bibian Magana

5. Plaintiff is a resident of St. Mary Parish, Louisiana.

6. Plaintiff was hired by Defendants in approximately March 2015.

7. Plaintiff worked for Defendants unloading barges in Gibson, Louisiana. Plaintiff worked alongside more than 100 other laborers at Defendants' worksites.

8. Plaintiff regularly traveled from his residence in St. Mary Parish, Louisiana to provide labor at worksites in Gibson, Louisiana.

9. Defendants hired Plaintiff to work as a rigger. In connection therewith, Plaintiff changed hanger cables for a crane in order to lift and transport heavy or large loads off of barges.

10. Defendants paid Plaintiff a regular rate of $9.00 per hour, and overtime rate of $13.50 per hour, and a $50 daily per diem.

11. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Shore Construction, LLC

12. Defendant Shore Construction, LLC ("Shore") is a limited liability company organized under the laws of Louisiana with its principal place of business in Gibson, Louisiana.

13. Shore is in the business of providing labor and human resources services for companies in the oil and gas industry, marine construction and repair industry, and other industrial fields.

14. Shore supervised the day to day work activities of Plaintiff.

15. Shore determined Plaintiff's work schedule for the employment at issue herein.

16. Shore maintains an employment file for Plaintiff.

17. Shore is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

18. Shore is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Kristi Caton

19. Defendant Kristi Caton is an owner and member of Defendant Shore.

20. At all pertinent times herein Defendant Kristi Caton had the authority to hire and fire Shore employees, including the Plaintiff herein.

21. At all pertinent times herein Defendant Kristi Caton maintained executive authority over the jobs Shore employees were provided, including the location, duration, and rate-of-pay for those jobs.

### FACTUAL ALLEGATIONS

22. Defendants are in the business of providing labor and human resources services for marine, oil and gas, industrial companies. Defendants specialize in contract employee

placement, employee management, and human resources management for the oil and gas industry, marine new construction and repair, and industrial fields.

23. Defendants employed more than 100 workers at various job placements simultaneously.

24. Defendant Shore paid Plaintiff by check bearing the name "Shore Construction, LLC."

25. Plaintiff normally worked more than forty hours a week for Defendants. Defendants often required Plaintiff to work at least six days per week.

26. Plaintiff did not incur any expenses in the furtherance of Defendants' interests during his employment that were properly reimbursable by the Defendant. *See* 29 U.S.C. § 207(e)(2).

27. Defendants did not include the $50 daily per diem paid to Plaintiff in the calculation of Plaintiff's overtime premium pay.

28. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA. Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

## **COLLECTIVE ACTION ALLEGATIONS**

29. Defendants paid the named Plaintiff and other similarly situated employees at an hourly rate for work performed and an additional daily per diem.

30. Defendants did not include all remuneration paid to Plaintiff and other similarly situated employees in the calculation of the overtime rate of pay for Plaintiff and other similarly situated employees.

31. When the named Plaintiff and other similarly situated employees worked for Defendants, they did not incur any expenses in the furtherance of Defendants' interests during their employment that were properly reimbursable by the Defendant and excludable from remuneration for employment.

## COUNT I
### Fair Labor Standards Act – FLSA Overtime Class

32. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

33. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collection action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive the correct rate of premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

34. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(e) by not including all remuneration paid to Plaintiff and other similarly situated employees in the calculation of their overtime rate of pay.

35. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

# **PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

# **JURY DEMAND**

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted,*

*/s/ Roberto Luis Costales*
_____
Roberto Luis Costales
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33696
Telephone: (504) 534-5005
Facsimile: (504) 272-2956
*costaleslawoffice@gmail.com*

*/s/ William H. Beaumont*
_____
William H. Beaumont
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #33005
Telephone: (504) 483-8008
*whbeaumont@gmail.com*

*/s/ Emily A. Westermeier*
_____
Emily A. Westermeier
3801 Canal Street, Suite 207
New Orleans, LA 70119
Louisiana Bar #36294
Telephone: (504) 534-5005
*emily.costaleslawoffice@gmail.com*

*Attorneys for Plaintiff*